J-S07021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN RAY DRESSLER JR. | : | |
| | : | |
| Appellant | : | No. 580 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000137-2020

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: JULY 21, 2026**

Appellant, Steven Ray Dressler, Jr., appeals from the September 19, 2022 judgment of sentence entered in the Court of Common Pleas of Snyder County after Appellant was convicted of robbery – threatens immediate serious bodily injury (Count 1), robbery – inflicts or threatens immediate serious bodily injury (Count 2), persons not to possess, use, manufacture, control, sell, or transfer firearms (Count 3), terroristic threats – crime of violence with intent to terrorize (Count 4), retail theft – carries away or transfers retail merchandise (Count 5), possessing instruments of crime – intent to employ it criminally (Count 6), and simple assault – fear of imminent serious bodily injury (Count 7).[1] The trial court sentenced Appellant

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3701(a)(1)(iv), 6105(a)(1), 2706(a)(1), 3929(a)(1), 907(a), and 2701(a)(3), respectively.

to an aggregate terms of 14½ to 32 years' incarceration.[2]  Upon review, we affirm.

The trial court summarized the factual history as follows:

An individual entered the Dollar General store in Port Trevorton[, Snyder County, Pennsylvania,] on November 12, 2019, [and] took a frozen Tombstone pizza from the cooler to the register attendant, Brittany Barge ("Barge")[.  The individual then] pulled a black nine millimeter semi-automatic handgun out of his pants, showed it to Barge[,] and asked her to open the cash drawer.  She refused to open the register, and the perpetrator fled with the frozen pizza without paying for it.

On the day of the robbery, Tanika Vallati ("Vallati"), [Appellant's] paramour and mother of his child, was in the process of moving out of the residence she shared with [Appellant] into her brother's house in Port Trevorton, which was [located] two houses away from the Dollar General store.  While in Port Trevorton, she noticed a police presence at the Dollar General store.  When she returned to the residence she shared with [Appellant] to collect more of her belongings, she found [Appellant] eating a frozen Tombstone pizza with two of his friends.

Among Vallati's belongings was a black nine millimeter handgun, which she kept in a lock box in a closet in the residence she shared with [Appellant].  When she went to collect the weapon to take it with her other belongings to her brother's house, it was not [in the lock box].  When she asked [Appellant] if he knew where it was, he pulled it out from behind the couch.

_____

[2] Appellant was sentenced as follows: Count 1 – 8½ to 20 years' incarceration; Count 3 – six to 12 years' incarceration with the sentence set to run consecutively to the sentence imposed on Count 1; and Count 6 – 18 months to five years' incarceration with the sentence set to run consecutively to the sentence imposed on Count 3.  Counts 2, 4, and 7 merged with Count 1 for purposes of sentencing.  Appellant's aggregate term of incarceration was 14½ to 32 years, and Appellant received 871 days credit for time served.  On Count 5, Appellant was ordered to pay restitution in the amount of $4.75. Sentencing Order, 9/19/22.

When Vallati returned to Port Trevorton, she went to the Dollar General store to apply for employment. She identified [Appellant] from screen shots [captured by] the store's video surveillance system [] on the day of the robbery. She also identified the black hoodie [Appellant] was wearing in the photograph as his, which she had washed many times.

Trial Court Opinion, 6/17/25, at 2-3. On September 8, 2022, a jury convicted Appellant of Counts 1 - 4, and 6 - 7. That same day, the trial court convicted Appellant of Count 5, a summary offense. The trial court sentenced Appellant, as discussed *supra*, on September 19, 2022.

On September 29, 2022, Appellant filed a post-sentence motion. On November 10, 2022, the trial court scheduled a hearing on Appellant's post-sentence motion for December 28, 2022, and directed Appellant to file a brief in support of his motion within 20 days of the date of the order with the Commonwealth to file a response within 30 days of the date of the order. Trial Court Order, 11/10/22. Appellant filed a brief in support of his post-sentence motion on November 30, 2022. The Commonwealth filed a response on December 2, 2022. On December 20, 2022 the trial court continued the December 28, 2022 hearing and indicated that a revised scheduling order would be forthcoming. The trial court took no further action on Appellant's post-sentence motion. On February 6, 2023, an order was entered, pursuant to Pennsylvania Rule of Criminal Procedure 720(B)(3)(c), that deemed Appellant's post-sentence motion denied by operation of law pursuant to

Pennsylvania Rule of Criminal Procedure 720(B)(3)(a).[3]  Trial Court Order, 2/6/23.  On February 27, 2023, Appellant filed a timely notice of appeal.

On December 26, 2023, this Court affirmed Appellant's judgment of sentence, primarily on the grounds that the issues raised on appeal were waived because Appellant failed to properly develop the claims in his appellate brief.  ***See generally, Commonwealth v. Dressler***, 311 A.3d 608, 2023 WL 8890537 (Pa. Super. filed Dec. 26, 2023) (unpublished memorandum).  Our Supreme Court denied Appellant's petition for allowance of appeal on June 17, 2024.  ***Commonwealth v. Dressler***, 320 A.3d 670 (Pa. 2024).

On July 10, 2024, Appellant filed *pro se* a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which asserted claims that trial and direct appeal counsel were ineffective.  On August 20,

---

[3] Rule 720(B)(3)(a) states that, if the trial court has not granted a motion to extend the period in which to render a decision on the post-sentence motion by 30 days, then the motion must be disposed of within 120 days of its filing or the motion is deemed denied by operation of law.  Pa.R.Crim.P. 720(B)(3)(a).  Appellant filed his post-sentence motion on September 29, 2022.  Pursuant to Rule 720(B)(3)(a), because no motion to extend the time period for disposition was presented, and granted, the trial court was required to dispose of the motion by January 27, 2023.

The February 6, 2023 order that deemed Appellant's post-sentence motion denied by operation of law was entered pursuant to Rule 720(B)(3)(c), which states that "[w]hen a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and, as provided in Rule 114, forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied." ***See*** Pa.R.Crim.P. 720(B)(3)(c).

2024, Patrick A. Johnson, Esquire ("Attorney Johnson") was appointed as PCRA counsel to represent Appellant. On January 9, 2025, Appellant filed an amended PCRA petition raising claims of ineffective assistance of trial and direct appeal counsel. On April 2, 2025, the Commonwealth and Appellant stipulated that counsel provided ineffective assistance on direct appeal. That same day, April 2, 2025, the PCRA court granted Appellant's petition and reinstated his direct appeal rights *nunc pro tunc*.

On April 23, 2025, Appellant filed *pro se* a notice of appeal, which was docketed with this Court at 527 MDA 2025. On April 25, 2025, the trial court appointed Attorney Johnson to represent Appellant on his reinstated direct appeal. That same day, April 25, 2025, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[4]

On May 9, 2025, at the appeal docketed in this Court at 527 MDA 2025, Appellant filed *pro se* a Rule 1925(b) statement that, *inter alia*, raised claims that the evidence was insufficient to support his convictions at Counts 1 – 4 and that the trial court erred in denying his request to admit cellular telephone textual messages ("text messages") establishing that a third party committed the criminal offenses for which Appellant was convicted.

---

[4] A copy of the April 25, 2025 trial court order directing Appellant to file a Rule 1925(b) statement was sent to, *inter alia*, Appellant and Attorney Johnson.

On May 1, 2025, Attorney Johnson, who was appointed counsel for Appellant's reinstated direct appeal, filed a notice of appeal, which was docketed with this Court at 580 MDA 2025. Thereafter, on May 16, 2025, at the appeal docketed in this Court at 580 MDA 2025, Attorney Johnson filed a Rule 1925(b) statement that challenged the weight of the evidence introduced to support Appellant's convictions at Counts 1, 2, 4 and 7, alleged that the trial court erred in denying Appellant's request for a continuance during trial, claimed that the trial court wrongly admitted evidence of Appellant's prior bad acts under Pennsylvania Rule of Evidence 404(b)(2), and challenged a discretionary aspect of Appellant's sentence.

On June 9, 2025, at this Court's docket 527 MDA 2025, Appellant filed *pro se* an emergency motion for the appointment of new direct appeal counsel. In a June 18, 2025 *per curiam* order, this Court remanded the appeal for a period of 60 days so the trial court could conduct a **Grazier** hearing[5] and address Appellant's motion for the appointment of new direct appeal counsel. On July 30, 2025, the trial court, after conducting a **Grazier** hearing, entered an order stating that Appellant had withdrawn his motion for the appointment of new direct appeal counsel and reaffirmed the appointment of Attorney Johnson as direct appeal counsel.

On August 5, 2025, this Court issued a *per curiam* order to show cause why Appellant's appeal docketed with this Court at 527 MDA 2025 should not

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

be dismissed as duplicative of the appeal docketed with this Court at 580 MDA 2025. Attorney Johnson was directed to respond within 10 days of the show cause order. On August 22, 2025, this Court, in a *per curiam* order, indicated that Attorney Johnson failed to file a response to the show cause order and, thereupon, dismissed Appellant's appeal docketed with this Court at 527 MDA 2025 on the ground that it was duplicative of the appeal docketed with this Court at 580 MDA 2025.

Appellant raises the following issues for our review:

1. Was the evidence to convict [Appellant at] Counts [1 and 2] insufficient as the victim testified that she was never in fear during the incident, no evidence was presented that [Appellant] attempted to frighten the victim, and the evidence was unclear as to whether a weapon was pointed at the victim?

2. Was the evidence to convict [Appellant at] Count [3] insufficient as the Commonwealth's own video evidence contradicted the testimony of the alleged victim and the Commonwealth [presented] no other evidence of possession of the alleged firearm?

3. Was the evidence to convict [Appellant at] Count [4] insufficient [because the Commonwealth failed to identify a specific threat communicated by Appellant]?

4. Did the trial court err in ruling against [Appellant's] objection [to the introduction of prior bad acts evidence in the absence of prior notice as required by [Rule 404(b)(2)]?

5. Did the [trial] court err when it did not allow [text messages to be admitted at] trial [that purported to show] a third party confessing to [committing] the crimes [for] which [Appellant] was [convicted], thereby denying [Appellant] the right to a fair trial?

6. Did the trial court abuse its discretion in sentencing [Appellant] to an aggregate sentence of [14½ to 32 years'

> incarceration] in a state correctional institution for [] theft
> [of an item that was valued at less than $5.00]?

Appellant's Brief at 6-7.[6]

The first three issues, as presented in Appellant's brief purport to collectively challenge the **sufficiency of the evidence** to support his convictions at Count 1 (robbery), Count 2 (robbery), Count 3 (firearms possession), and Count 4 (terroristic threats). Appellant's Brief at 6-7, 16-23. In contrast, the corresponding three issues, as presented in Appellant's counseled Rule 1925(b) statement filed at 580 MDA 2025, challenge the **weight of the evidence** to support Appellant's convictions at Count 1 (robbery), Count 2 (robbery), Count 4 (terroristic threats), and Count 7 (simple assault). Counseled Rule 1925(b) Statement, 5/16/25, at ¶¶1-3. Before we reach the merits of Appellant's claims, we must determine whether Appellant has properly raised and preserved challenges to the weight or sufficiency of the evidence.

A determination of what issues were properly raised and preserved determines what principles of law govern this appeal. Our Supreme Court long-ago explained that claims challenging the sufficiency of the evidence are distinct, and separate, from claims that the verdict is against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

> A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the

---

[6] We have reorganized Appellant's issues for purpose of discussion.

Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution[,] whereas a claim challenging the weight of the evidence[,] if granted[,] would permit a second trial.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

[A claim] that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the [trial court] on the same facts would have arrived at a different conclusion. A trial [court] must do more than reassess the credibility of the witnesses and allege that [it] would not have assented to the verdict if [it] were a juror. Trial [courts], in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial [court] is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id.* at 751-752 (citations, quotation marks, and footnote omitted).

In contrast,

The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In

- 9 -

addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated[,] and all evidence actually received must be considered. Finally, the [fact-finder,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Reed*, 216 A.3d 1114, 1119 (Pa. Super. 2019).

"It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (*relying on Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)), *appeal denied*, 250 A.3d 468 (Pa. 2021). Moreover, the statement of questions presented in an appellate brief is a means by which an appellant may refine the issues preserved in the Rule 1925(b) statement. *See* Pa.R.A.P. 2116(a) (stating, "The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein.") "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." *Id.* Sufficiency of the evidence claims are preserved by raising them with the requisite detail in a Rule 1925(b) statement. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (stating that, to properly preserve a

sufficiency claim, the Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient).  Weight claims, however, are preserved if they are first raised in a post-sentence motion and then set forth in a Rule 1925(b) statement.  ***See Commonwealth v. Hitner***, 910 A.2d 721, 733 n.17 (Pa. Super. 2006) (stating that, a weight claim must be raised in a timely post-sentence motion and in a Rule 1925(b) statement to properly preserve the issue for appeal), *appeal denied*, 926 A.2d 441 (Pa. 2007).

We examine Appellant's arguments to identify the nature of his claims. A review of the argument section of Appellant's brief reveals that the challenges to his convictions at Counts 1 (robbery), 2 (robbery), and 4 (terroristic threats) hinge on the same factual assertion.  Appellant's Brief at 16-19, 22-23.  Namely, Appellant claims that the video evidence introduced by the Commonwealth at trial did not show Appellant brandishing a firearm.[7] ***Id.*** at 18, 22.  In Appellant's view, this video evidence contradicted the testimony of the victim who recalled, according to Appellant, that he "brandished a firearm while standing [at] the counter." ***Id.*** at 18.  Appellant argues that video evidence is superior to, and more reliable than, eyewitness

_____

[7] To the extent that Appellant challenges his conviction at Count 3 (firearms possession) in the argument section of his brief (***see*** Appellant's Brief at 20-21), we deem Appellant's challenge to his conviction at Count 3 waived for failure to raise the issue in his counseled Rule 1925(b) statement filed in 580 MDA 2025.  Moreover, even if the issue were preserved in the Rule 1925(b) statement, Appellant's assertion remains the same, namely that the video evidence should have been given more weight than the eyewitness testimony. ***Id.***  For the reasons discussed *infra*, his weight claim as to Count 3 would fail.

- 11 -

testimony. *Id.* (*citing United States v. White*, 401 U.S. 745 (1971) for the proposition that "[a]n electronic recording will many times produce a more reliable rendition of what a witness has said than will the unaided memory of [the witness]" (original brackets omitted)). Importantly, Appellant acknowledges that the record includes the victim's testimony, which established that Appellant displayed a firearm during the course of a retail theft. Because Appellant conceded sufficient evidence to support charges of robbery and terroristic threats, but nonetheless alleged that the video evidence should have been given more weight than the victim's testimony in reaching the verdict, Appellant effectively raises weight of the evidence claims. Therefore, we will read Appellant's first three issues as raising weight claims.[8]

_____

[8] Appellant preserved his weight of the evidence claims by raising them before the trial court in his motion for post-sentence relief and, thereafter, in a counseled concise statement filed on May 16, 2025. Motion for Post-Sentence Relief, 9/29/22, at ¶3 (stating, "[t]he verdict was against the weight of the evidence, particularly [because] the video did not reflect that a weapon was pointed [at the victim]"); *see also Hitner*, 910 A.2d at 733 n.17.

We acknowledge several procedural irregularities that have complicated our review of this appeal. After the trial court reinstated Appellant's direct appeal claims, Appellant promptly filed *pro se* a notice of appeal on April 23, 2025. That notice of appeal was lodged at docket number 527 MDA 2025 in this Court.

On April 25, 2025, the trial court appointed current direct appeal counsel to represent Appellant and ordered the filing a of concise statements. Pursuant to the trial court's Rule 1925(b) order, Appellant, on May 9, 2025, filed *pro se* a concise statement, challenging the sufficiency of the evidence and the

> Appellate review of a weight claim is a review of the exercise of [the trial court's] discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial [court] had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial [court] when reviewing a trial court's determination that the verdict is[, or is not,] against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was[,] or was not[,] against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014), *citing*

*Widmer*, *supra*; *see also Commonwealth v. Rodriguez*, 340 A.3d 334,

349 (Pa. Super. 2025) (stating, "the function of an appellate court is to review

the trial court's exercise of discretion based upon a review of the record, rather

_____

exclusion of certain text messages at trial. In the meantime, a counseled notice of appeal was filed on May 1, 2025, and that appeal generated docket number 580 MDA 2025 in this Court. Thereafter, on May 16, 2025, counsel filed a concise statement challenging the weight of the evidence, the trial court's refusal to issue a continuance, the admission of certain prior bad acts, and the discretionary aspects of Appellant's sentence.

After Appellant withdrew a motion for appointment of new appellate counsel, this Court issued an order to show cause why the appeal docketed at 527 MDA 2025 should not be dismissed as duplicative. When counsel failed to respond to our motion, we ordered the dismissal of docket number 527 MDA 2025 as duplicative. In hindsight, it may have been more practical to consolidate the appeals since not all of the claims raised on the separate dockets were identical. Nevertheless, appellate counsel had the last clear chance to avoid confusion by responding to our show cause order. He failed to do so, however, and for this reason we are reluctant to find a breakdown in the judicial system. As such, we have reviewed the claims before us as challenges to the weight of the evidence, which is consistent with the nature of the arguments advanced in Appellant's brief. Moreover, as we stated above, Appellant's weight claims were properly preserved before the trial court and raised in a counseled Rule 1925(b) statement.

than to consider *de novo* the underlying question of the weight of the evidence" (citation omitted)). A trial court abuses its discretion "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill-will." **Horne**, 89 A.3d at 285-286 (citation omitted); **see also Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (stating, "[t]he term 'discretion' imports the exercise of judgment, wisdom[,] and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the [trial court]"). By comparison, "the role of the trial court is to determine whether, notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice." **Rodriguez**, 340 A.3d at 349 (citation omitted). For an appellant to prevail on a weight of the evidence claim, "the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the [trial] court." **Commonwealth v. Sullivan**, 820 A.2d 795, 806 (Pa. Super. 2003) (citation and internal quotation marks omitted), *appeal denied*, 833 A.2d 143 (Pa. 2003).

At trial, the victim testified that, after approaching the register counter with a frozen pizza, Appellant "showed [her] the semi-automatic weapon" and asked her to open the register drawer. N.T, 9/8/22, at 33. On cross-examination, the victim reiterated that Appellant brandished "a

- 14 -

semi-automatic black handgun." *Id.* at 37. The Commonwealth admitted into evidence several photographs that depicted screenshots captured from the store's video surveillance system. *Id.* at 83. One photograph showed Appellant standing at the register counter facing the victim at 7:49:09 p.m. but a portion of Appellant's body, including his hands, was blocked by a display case located next to the register area. *Id.* at 34-35; *see also* Commonwealth Exhibit 2B. In other words, in viewing Commonwealth Exhibit 2B, the jury was unable to see Appellant's hands when he was standing at the register counter. Another photograph showed Appellant exiting the store at 7:49:35 p.m. with the frozen pizza. N.T., 9/8/22, at 35; *see also* Commonwealth Exhibit 2C. The Commonwealth also played for the jury segments of the video recording captured on the date of the incident that corresponded to the moments from which the screenshots were captured. N.T., 9/8/22, at 69.

In evaluating Appellant's weight claims, the trial court acknowledged that it is the role of the jury, as fact-finder, "to believe all, none, or some of the evidence and to determine the credibility of the witnesses." Trial Court Opinion, 6/17/25, at 3-4. The trial court stated that, in reaching its verdict, the jury credited the victim's testimony that Appellant brandished a firearm and presented it to her while demanding that she open the register drawer. *Id.* at 4-5. This jury finding supported Appellant's convictions. Appellant asks this Court to reweigh the evidence and reassess the credibility of the witnesses in order to find that the video surveillance photographs, and in particular

Commonwealth Exhibit 2B, carried more weight despite the fact that Appellant's hands were not visible in the picture. We decline Appellant's invitation to alter the trial court's assessment since the jury, while passing on the credibility of the witnesses and weight of the evidence, was free to believe all, part, or none of the evidence. *Commonwealth v. Dunkins*, 229 A.3d 662, 634 (Pa. Super. 2020), *aff'd*, 263 A.3d 247 (Pa. 2021), *cert. denied*, 142 S.Ct. 1679 (2022). Moreover, we discern no abuse of discretion in the trial court's determination that Appellant's convictions at Counts 1, 2, and 4 were not against the weight of the evidence.[9]

In Appellant's next issue, as raised in his appellate brief and preserved in his counseled 1925(b) statement, Appellant claims that the trial court erred in overruling his objection to the Commonwealth's reliance on evidence of his prior bad acts on the ground that the Commonwealth failed to provide prior

_____

[9] Even if we were to review Appellant's claims as challenges to the sufficiency of the evidence, we would easily conclude that sufficient evidence supported the convictions at Counts 1, 2, and 4. As discussed *supra*, the victim testified that Appellant brandished a "semi-automatic black handgun" when he stood in front of her at the register counter. In viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, there was sufficient evidence to enable the jury, as fact-finder, to find every element of the crimes beyond a reasonable doubt. *See Commonwealth v. Ouch*, 199 A.3d 918, 924 (Pa. Super. 2018) (stating, "[t]he threat posed by the appearance of a firearm is calculated to inflict fear of deadly injury" sufficient to establish a fear of immediate serious bodily injury to support a conviction of robbery); *Commonwealth v. Holguin*, 385 A.2d 1346, 1351-1352 (Pa. Super. 1978) (finding that, brandishing a handgun is sufficient to support a conviction of terroristic threats).

notice of its intent to use such evidence. Appellant's Brief at 7, 26-28; *see also* Rule 1925(b) Statement, 5/16/25, at ¶ 5.

> A trial court's evidentiary rulings are subject to [an] abuse of discretion standard of review. This standard applies as to evidentiary rulings made during and prior to trial. An appellate court will not find an abuse of discretion based on a mere error of judgment, but rather where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will.

*Commonwealth v. Reich*, 340 A.3d 997, 1011 (Pa. Super. 2025) (citations, quotation marks, ellipsis, and original brackets omitted).

Rule 404(b) permits admission of prior bad acts evidence if the probative value of the evidence outweighs its potential for unfair prejudice. Pa.R.E. 404(b)(2). Rule 404(b)(3) requires the Commonwealth to "provide reasonable written notice in advance of trial so that the defendant has a fair opportunity to meet it, or during trial if the [trial] court excuses pretrial notice on good cause shown, of the specific nature, permitted use, and reasoning for the use of any such evidence the [Commonwealth] intends to introduce at trial."[10] Pa.R.E. 404(b)(3).

_____

[10] We note that Rule 404(b)(3) was amended on December 2, 2021, to include the requirement that the Commonwealth provide "reasonable **written** notice" of its intent to introduce the prior bad acts evidence. *Compare* Pa.R.E. 404(b)(3) (effective Apr. 1, 2022) *with* Pa.R.E.404(b)(3) (effective Mar. 18, 2013). This amendment became effective April 1, 2022. Appellant's trial took place on September 8, 2022. Therefore, the current version of Rule 404(b)(3), which became effective April 1, 2022, was applicable to the trial court's evidentiary ruling in the case *sub judice*. *See Commonwealth v.*

Appellant's prior bad act was that he was convicted of the crime of escape. N.T., 9/8/22, at 6; ***see also*** 18 Pa.C.S.A. § 5121. Regarding the Commonwealth's intended use of this prior bad act, the following pre-trial discussion occurred:

| [Trial Court:] | So now the next issue is regarding Count 3 possession of a firearm by a person not permitted to possess a firearm. It's my understanding the Commonwealth has alleged that [Appellant] had been convicted of the crime of escape, that was a felony escape? |
|---|---|
| [Commonwealth:] | Yes, Judge. |
| [Trial Court:] | And that would be the underlying offense indicating [Appellant] was a person not to possess, use, or control a firearm. [Defense counsel,] the defense's position on this issue? |
| [Defense Counsel:] | Your Honor, I believe under the current interpretation of Rule 404(b), the Commonwealth has to give a much more specific indication that it's going to bring up any other prior bad acts. So for that reason, I do think that the [trial] court should actually preclude any testimony regarding that issue. |
| [Trial Court:] | Well, as indicated in chambers, the [trial] court would note that in the complaint and affidavit, [Appellant] who has been convicted of Title 18 Section 5121 escape, within or without this Commonwealth, the |

---

***Brinkley***, 324 A.3d 1233, 2024 WL 3424704, at *6 (Pa. Super. filed Jul. 16, 2024) (unpublished memorandum), *appeal denied*, 333 A.3d 1041 (Pa. 2025).

affidavit – next to last paragraph: "Upon review of [Appellant's] criminal history, it was determined [Appellant] pled guilty to escape, an enumerated offense prohibiting him from possessing, using, or controlling a firearm." What more notification is required? [Counsel for the Commonwealth,] do you want to be heard on this?

[Commonwealth:] Your Honor's recitation of the conversation in chambers is indeed accurate. [Appellant] was put on notice of the offense under which he was disqualified. The [record of arrests and prosecutions] sheet was also provided which indicated that offense and others that would have disqualified [Appellant] from possessing a firearm but he was specifically put on notice regarding that.

[Trial Court:] Rule 404(b) – actually, it's – right, 404(b) Paragraph 3, Notice in a Criminal Case: "In a criminal case, the [Commonwealth] must provide reasonable written notice in advance of trial so that the defendant has a fair opportunity to meet it or during trial if the [trial] court excuses pretrial notice on good cause shown of the specific nature, permitting use, and reasoning for the use of such evidence the [Commonwealth] intends to introduce at trial." Well, one, it's an element of one of the offenses. Plus, the [trial] court finds that there was sufficient notice provided in advance of trial since it was right in the complaint and affidavit.

[Defense Counsel:] Your Honor, in consideration of the fact that the [trial] court has overruled my objection, we obviously won't protest

- 19 -

|                      |                                                                                                                                                                                                                                                                                                                                                                                     |
|----------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                      | but will stipulate that my client did have an offense that precluded him from carrying a firearm.                                                                                                                                                                                                                                                                                    |
| [Trial Court:]       | So in the instructions to the jury on this offense, which I shortly before coming out here provided to counsel, the first element [of Count 3] is that [Appellant] was a person prohibited by law from possessing, using, or controlling a firearm.  In that I can state that the parties have stipulated that [Appellant] is a person not to possess, use, or control a firearm, is that correct? |
| [Defense Counsel:]   | Yes, Your Honor.                                                                                                                                                                                                                                                                                                                                                                    |
| [Trial Court:        | Counsel for the Commonwealth?]                                                                                                                                                                                                                                                                                                                                                      |
| [Commonwealth:]      | Commonwealth accepts that stipulation.  Thank you.                                                                                                                                                                                                                                                                                                                                  |

N.T., 9/8/22, at 6-9 (extraneous capitalization omitted).  Thereafter, the trial court entered an order that denied Appellant's "oral motion to prohibit the introduction of any evidence regarding [Appellant's] prior conviction of the crime of escape" for the reasons set forth on the record.  *Id.* at 9 (extraneous capitalization omitted).

A review of the criminal complaint charging Appellant with Count 3 set forth the following:

Acts of the accused associated with this offense:

On the above time and date, [Appellant], who has been convicted of Title 18 Section 5121 escape, within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer[,] or manufacture or obtain a license to possess, use, control, sell[,] transfer[,] or manufacture a firearm in this Commonwealth, TO WIT: [Appellant] did possess use and

- 20 -

control a semi[-]automatic firearm in the commission of a robbery in violation of [Section] 6105(a)(1) [of the Crimes Code].

Criminal Complaint, 5/1/20, at Offense #3 (extraneous capitalization omitted). The affidavit of probable cause further stated that "[u]pon review of [Appellant's] criminal history, it was determined [Appellant] pled guilty to [e]scape, an enumerated offense prohibiting him from possessing, using, and/or controlling a firearm." *Id.* at Affidavit of Probable Cause, page 4.

We concur with the trial court that Appellant had reasonable written notice prior to trial of the Commonwealth's reliance on his prior bad act of having been convicted of escape to establish his conviction at Count 3.[11]

---

[11] Moreover, even if the disclosure of the prior bad act in the criminal complaint and affidavit of probable cause did not constitute reasonable written notice under Rule 404(b)(3), the jury never heard evidence of Appellant's prior conviction of escape. Rather, pursuant to the stipulation agreed to by the parties, the trial court charged the jury as follows:

> [Appellant] is also charged with persons not to possess, use, or control firearm. To find [Appellant] guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt. First, that [Appellant] was a person prohibited by law from possessing, using, or controlling a firearm. As I said earlier, the Commonwealth and the defense have stipulated that [Appellant] is a person prohibited by law from possessing, using, or controlling a firearm.

N.T., 9/8/22, at 112 (extraneous capitalization omitted). Pursuant to the stipulation, the trial court informed the jury that Appellant was not permitted to possess a firearm, but did not disclose Appellant's prior bad act as the reason for the disqualification. As such, the jury never heard evidence of Appellant's prior bad act.

In his fifth issue, as set forth in his appellate brief, Appellant challenges the trial court's decision to preclude Appellant from admitting into evidence certain text messages that, according to Appellant, contained a confession by a third-party to the crimes for which Appellant was convicted. Appellant's Brief at 6, 23-26. Appellant included this issue in his *pro se* concise statement filed at docket number 527 MDA 2025. That appeal, however, was dismissed. Appellant did not include this issue in his counseled Rule 1925(b) statement filed at docket 580 MDA 2025. ***See generally*** Rule 1925(b) Statement, 5/16/25. Therefore, Appellant waived this issue.[12] ***See*** Pa.R.A.P.

_____

[12] Even if Appellant's claim challenging the evidentiary ruling by the trial court to exclude certain text messages had not been waived for purpose of appeal, we would find that Appellant is not entitled to relief. At trial, the trial court permitted Appellant to use the text messages to refresh the recollection of the investigating officer during cross-examination but stated that Appellant was not permitted to inquire as to the content of the text messages because the messages could not be authenticated and constituted hearsay. N.T., 9/8/22, at 60-61. We would agree.

> Authentication of electronic communications, like documents, requires more than mere confirmation that the number or address belonged to a particular person. Circumstantial evidence, which tends to corroborate the identity of the sender, is required. Accordingly, authentication of text messages turns upon the depth of direct and circumstantial evidence of authorship marshaled by the proponent of the text messages.

***Commonwealth v. Nabried***, 327 A.3d 315, 323 (Pa. Super. 2024) (citations, quotation marks, and brackets omitted); ***see also*** Pa.R.E. 901(b)(11).

As the trial court explained, it was unclear, based upon a review of the text messages "who these [messages] came from or who they went to." N.T.,

1925(b)(4)(vii) (stating that, issues not properly raised in a Rule 1925(b) statement are waived); *see also* Pa.R.A.P. 302 (stating, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Appellant's final issue, as set forth in his Rule 1925(b) statement and preserved in his counseled 1925(b) statement, challenges the discretionary aspects of his sentence on the ground the trial court imposed an aggregate sentence that was "unreasonable" because "the offenses in question did not result in any physical harm" and "the amount in controversary [was] less than [$5.00]." Appellant's Brief at 15; *see also* Rule 1925(b) Statement, 5/16/25, at ¶ 6.

> "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:
>
> > (1) whether the appeal is timely; (2) whether [the] appellant preserved his[ or her] issues; (3) whether [the] appellant's brief includes a [Pennsylvania Rule of Appellate Procedure] 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.
>
> *Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).
>
> "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his [or her] issues at sentencing or in a

---

9/8/22, at 60. Because Appellant was unable to properly authenticate the text messages, we would discern no abuse of discretion in the trial court's decision to exclude this evidence.

post-sentence motion. Issues not presented to the [trial] court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted).

***Commonwealth v. Pisarchuk***, 306 A.3d 872, 878 (Pa. Super. 2023) (original brackets and extraneous capitalization omitted), *appeal denied*, 318 A.3d 95 (Pa. 2024); ***see also Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). The Rule 2119(f) statement "must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the [Sentencing] Code [or] what fundamental norm was violated, and explain how and why the [trial] court violated that particular provision [or fundamental] norm." ***Commonwealth v. Feucht***, 955 A.2d 377, 384 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). While it is not necessary that the Rule 2119(f) statement "provide elaborate factual and procedural details," the statement must provide more than "bald assertions or non-specific claims of error [and] must state the way in which the penalty imposed is inappropriate." ***Feucht***, 955 A.2d at 384. A substantial question exists when an appellant presents a colorable

argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

In seeking his appeal, Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary aspects of his sentence in a timely post-sentence motion. In his Rule 2119(f) statement, Appellant contends that "[t]he trial court [imposed] consecutive sentences at the top of the standard range [of the Sentencing Guidelines at] Counts [1 and 6, and] a consecutive sentence at the bottom of the standard range [of the Sentencing Guidelines at] Count [3]." Appellant's Brief at 15. Appellant asserts that the sentences "were cruel and unusual as the standard ranges were already considerable given the insignificant nature of the actual criminal acts [committed by Appellant]." *Id.* at 15-16. In other words, Appellant contends that the consecutive sentences imposed by the trial court at Counts 1, 3, and 6 were manifestly excessive and imposed too severe a punishment given the nature of the criminal acts. We find that Appellant presented a substantial question. *Commonwealth v. Haynes*, 125 A.3d 800, 807-808 (Pa. Super. 2015) (stating, "a claim that the sentence is manifestly excessive, inflicting too severe a punishment [presents] a substantial question"), *appeal denied*, 140 A.3d 12 (Pa. 2016).

In reviewing sentencing matters, we are mindful of our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9721(b) of the Sentencing Code requires a trial court, in fashioning its sentence, to, *inter alia*, "follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

The crux of Appellant's argument is that, due to the nature of the crimes, namely that no harm was caused to the victim and the theft was *de minimis*, he is entitled to concurrent sentences. Appellant's Brief at 28-30. Appellant reasons that the standard range sentencing guidelines already take into consideration the "insignificant nature" of the criminal acts and that to impose consecutive sentences constitutes cruel and unusual punishment. *Id.* at 30.

In fashioning its sentence, the trial court, having reviewed the pre-sentence investigation report, stated

> The [trial] court would note [Appellant's] lengthy criminal record dating back to 1998. He has convictions for felonies: burglaries, criminal trespass, thefts, flight to avoid apprehension, statutory sexual assault, and forgery. . . .

[Appellant] served lengthy state prison sentences in the past and has demonstrated a [pattern of repeated] criminal behavior [spanning] just about every section of the Crimes Code. [Appellant] did not accept responsibility for his behaviors. I would completely agree with the Commonwealth and respectfully disagree with [defense counsel,] this isn't about $4.75. This is about someone with a criminal record that shouldn't have had a handgun that threatened a clerk with a gun to steal items. That's what this is about, not stealing $4.75.

N.T., 9/18/22, at 3, 6-7 (extraneous capitalization omitted).

Upon review, we discern no abuse of discretion in the trial court's decision to impose standard range sentences at Counts 1, 3, and 6 and to set those sentences to run consecutively. The trial court had the benefit of the pre-sentence investigation report and considered the factors set forth in Section 9721(b) when fashioning Appellant's sentence. We decline Appellant's invitation to find that the consecutive nature of the sentences is excessive in the case *sub judice* as to do so would undermine the trial court's discretion in fashioning its sentence structure and substitute our judgment for that of the trial court. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1277 (Pa. Super. 2013) (declining to impede upon a trial court's discretion to impose consecutive sentences based upon the assertion that the stolen items had little value and the impact on the victim was minimal), *appeal denied*, 91 A.3d 161 (Pa. 2014); **see also** 42 Pa.C.S.A. § 9721(a) (stating that, it is within the trial court's discretion to impose consecutive or concurrent sentences).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>7/21/2026</u>